UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption In Compliance with D.N.J. LBR 9004-2(c)

Janet L. Gold, Esquire
EISENBERG, GOLD & AGRAWAL, P.C.
1040 North Kings Highway, Suite 200
Cherry Hill, New Jersey 08034
(856) 330-6200

Order Filed on February 13, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No. 19-22241-JNP

In Re:

SHINDER PAL and
JOJINDER PAL KAUR, h/w

Chapter: 11

Judge: Jerrold N. Poslusny, Jr.

**AMENDED CONSENT ORDER**

The relief set forth on the following pages, numbered two (2) through (4) is
hereby **ORDERED**.

DATED:

**DATED: February 13, 2020**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

OMC\4838-2927-2755.v1-2/3/20

(Page 2)
Debtor: Shinder Pal and Jojinder Pal Kaur, h/w
Case No: 19-22241-JNP
Consent Order: Resolving Secured Creditor PHLT's Motion for Relief from Stay

Upon the motion of PHLT Holdings, LLC ("PHLT" or "Creditor"), under Bankruptcy
Code §362(a) for relief from the automatic stay as to certain property as hereinafter set forth, and
it appearing that the parties having consented to the relief, and for cause shown, it is ORDERED
that:

1.      It is acknowledged that as of the date of the execution of this Order, that
PHLT filed a proof of claim in the amount of $2,556,544.44 based upon a judgment
entered in the Common Pleas County of Pennsylvania, Philadelphia County.  Debtor
unconditionally acknowledges and confirms that as of August 1, 2019 the amount due on
the judgment was $2,556,544.44 together with interest at the rate of 6% per annum,
together with accruing attorney's fees, without claim, counterclaim, right to recoupment,
defenses or setoffs of any kind (the "Obligation").

2.      PHLT has a lien on the real property known as 1247-59 North 26th Street,
Philadelphia, PA and 1237-45 West College Avenue, Philadelphia, PA. (the "Real
Property").

3.      Debtor has agreed to sell the Real Property to Gurcharan Singh ("Singh") for
the price of $2,600,000.00. PHLT shall consent to that sale subject to the provisions of
this Consent Order.

4.      Singh or Debtor shall make a non-refundable payment in the amount of Fifty

OMCM838-2927-2755.v1-2/3/20

. Thousand Dollars ($50,000.00) (the "Deposit") on or before January 22, 2020 to be

applied against the principal balance due. Said Deposit shall be applied as provided

herein, notwithstanding the inability of Debtor and Singh to close on the Agreement of

Sale.

     5.    PHLT shall receive a total payment of $2,500,000.00, structured as follows:

     (a)    Payment of the $50,000.00 nonrefundable Deposit

     (b)    $2,250,000.00 to be paid on or before February 28, 2020 ("Initial

Payment") by the sale of the Real Property by Debtor to Singh ("Agreement of Sale").

Debtor or Singh may have a one (1) week extension for making the Initial Payment by

written request to counsel for PHLT if needed in order to get court approval ("Extension

Period").

     (c)    Payment by Singh of the balance of Two Hundred Thousand Dollars

($200,000.00) together with any unpaid interest to be paid on or before February 28, 2021

("Final Payment") for which Singh shall execute a Note acceptable in form to PHLT. In

the event Singh fails to make the Final payment in a timely manner, PHLT shall have the

right to exercise its State court remedies under the Note, Guaranty and Mortgages.

     (d)    Payment by Singh of interest only payments at the rate of 6% per

annum beginning one month from the date of the payment of the Initial Payment in the

amount of $1,000.00 per month.

     6.    To secure repayment of the Final Payment, PHLT shall receive a title

insured second mortgage on the Real Property from Singh, subject only to a

OMC\4838-2927-2755.v1-2/3/20

$2,000,000.00 first mortgage, as well as a title insured second mortgage on 515 Fairfield Avenue, Upper Darby PA ("Upper Darby Property") from Singh and Kaur in a form acceptable to PHLT. Singh shall be responsible for the cost of the title insurance for the PHLT mortgages. . The mortgage on the Real Property and the Upper Darby property shall be collectively referred to herein as the "Mortgages").

7.    Kuldeep Kaur ("Kaur") shall execute a Guaranty of the Final Payment in the form and substance agreed to by PHLT, Singh and Kaur.

8.    In the event PHLT is not paid the $2,250,000 on or before February 28, 2020 or by the end of the Extension Period, if requested, PHLT shall have the right to re-file its motion for relief from the automatic stay.

9.    Facsimile and electronic signatures shall be as valid as original signatures and this Consent Order may be signed in counterparts.

By signing the Consent Order, Debtor's Counsel represents that the Debtor is familiar with and understands the terms of the Consent Order and agrees to said terms regardless of whether the Debtor has actually signed said Consent Order.

## SIGNATURE PAGE FOLLOWS

WE HEREBY CONSENT TO
THE FORM AND ENTRY OF
THE WITHIN ORDER.

EISENBERG, GOLD & AGRAWAL,
P.C., Attorneys for PHLT

By: _____

JANET L. GOLD, ESQUIRE

LEX NOVA LAW

Attorneys for Debtors

By: _____

E. RICHARD DRESSEL, ESQUIRE

OBERMAYER REBMANN
MAXWELL & HIPPEL, LLP

Attorneys for Purchaser Gurcharan
Singh and Kuldeep Kaur

By: _____

EDMOND M. GEORGE, ESQUIRE

OMC\4838-2927-2755.v1-2/3/20