UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: jeffrey.m.sponder@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

Shinder Pal and Jojinder Pal Kaur,

Debtors.

: Case No. 19-22241 (JNP)
:
: Chapter 11
:
: The Honorable Jerrold N. Poslusny Jr.
:
: Hearing Date:
:

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY THE UNITED STATES TRUSTEE UNDER 11 U.S.C. §1112(b) FOR AN ORDER CONVERTING CASE TO CHAPTER 7, OR IN THE ALTERNATIVE, DISMISSING CASE**

The United States Trustee ("U.S. Trustee"), by and through counsel, in furtherance of his duties and responsibilities, hereby respectfully moves under 11 U.S.C. § 1112(b) for an order converting this case to a chapter 7 case, or in the alternative dismissing the case.

1. Under 28 U.S.C. § 586(a)(8), the U.S. Trustee has a duty to "apply promptly" to this Court after finding material grounds for seeking relief under 11 U.S.C. § 1112(b). This duty is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest);

*Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

2.  On June 20, 2019 (the "Petition Date"), Shinder Pal and Jojinder Pal Kaur (the "Debtors"), filed a voluntary petition for relief under Chapter 11 of title 11, United States Code. *See* Certification of Kirsten Ardelean (the "Ardelean Certification") at ¶ 2.

3.  An Unsecured Creditors' Committee has not been appointed by the United States Trustee. *See id.* at ¶ 3.

4.  Since the Petition Date, the Debtors have remained in possession of their property and management of their affairs. *See id.* at ¶ 4.

5.  The Debtors have failed to file monthly operating reports for the months of February 2020, March 2020 and April 2020. *See id.* at ¶ 5.

6.  In addition, the Debtors have failed to pay the statutory fee for the first quarter of 2020 in the estimated amount of $325, which was due on or before April 30, 2020. *See id.* at ¶ 6.

7.  Further, the Debtors have failed to provide continuing proof of insurance concerning certain of the Debtors' properties and vehicles. *See id.* at ¶ 7. More particularly, the Debtors have failed to provide proof of continuing general liability insurance and auto and on-hook coverage cargo towing insurance concerning 1237-45 W. College Avenue, Philadelphia, PA, property insurance for 1247-59 N. 26th Street, Philadelphia, PA, automobile insurance for 2004 Ford F550 and 2011 Ford F650, and auto dealers insurance for PAL Auto.[1] *See id.*

8.  11 U.S.C. § 1112(b)(1) provides:

---

[1] On March 10, 2020, the Court entered an Order Approving Private Sale Of 1237-45 W. College Ave., Phila., PA and 1247-59 N. 26th Street, Phila., PA. Free And Clear Of Liens And Encumbrances And Other Claims Or Interests And Transferring Such Claims To The Proceeds Of Sale Pursuant To 11 U.S.C §363 And 1146, For Waiver Of Federal Rule Of Bankruptcy Procedure 6004(H) And For Related Relief. *See id.* Without the filing of the monthly operating reports, it is impossible for the U.S. Trustee to determine if the properties are still part of the Debtors' estate.

>Except as provided in paragraph (2)[1] and subsection (c),[2] on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a)[3] of a trustee or an examiner is in the best interests of creditors and the estate.

9. "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including –

>(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

---

[1]    11 U.S.C. § 1112(b)(2) states:

The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that–

   A. there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
   B. the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) –
      (i) for which there exists a reasonable justification for the act or omission; and
      (ii) that will be cured within a reasonable period of time fixed by the court.

[2]    11 U.S.C. § 1112(c) states:

The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion.

[3]    11 U.S.C. § 1104(a) states:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
      (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
      (2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

(B) gross mismanagement of the estate;

(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(E) failure to comply with an order of the court;

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure timely to provide information or attend meetings reasonably requested by the Acting United States Trustee (or the bankruptcy administrator, if any);

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement, or to file or confirm a plan within the time fixed by this title or by order of the court;

(K) failure to pay any fees or charges required under chapter 123 of title 28;

(L) revocation of an order of confirmation under section 1144;

(M) inability to effectuate substantial consummation of a confirmed plan;

(N) material default by the debtor with respect to a confirmed plan;

(O) termination of a confirmed plan by reason of the occurrence of a specific condition in the plan; and

(P) failure of the debtor to pay domestic support obligation that first becomes payable after the date of the filing of the petition.

10. It is well settled that the list of factors constituting "cause" are not exhaustive. The legislative history for the statute provides in part, "[t]he court will be able to consider other factors, and to use its equitable powers to reach an appropriate result in individual cases." H. Rep. 595, 95th Cong., 1st Sess. 406 (1977). *See In re Pittsfield Weaving Company*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008)(Section 1112(b)(4) provides a non-exhaustive list of "causes" for conversion or dismissal).

    A.    **Failure to File Monthly Operating Reports.**

11. Pursuant to 11 U.S.C. §§ 704(7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate's administration and the operation of the debtor's post-petition business as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases which were distributed to the Debtors at the inception of the case.

12. Here, the Debtors have failed to comply with the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases. The Debtors have failed to file monthly operating reports with the Office of the United States Trustee for the months of February 2020, March 2020 and April 2020. *See* Ardelean Certification at ¶ 4.

13. The Debtors' failure to file these reports hinders the Court's, the U.S. Trustee's and the creditors' ability to monitor the operations of the Debtors. For example, in the absence of reports, it is impossible to determine whether the Debtors are operating at a profit, whether the Debtors are current with their post-petition obligations, whether the Debtors have paid the correct quarterly fees to the U.S. Trustee, or whether the Debtors have the ability to confirm a feasible plan of reorganization within a reasonable period of time.

14. As the Debtors are behind with monthly operating reports, the case should be dismissed or converted pursuant to 11 U.S.C. § 1112(b)(4)(F).

**B.  Failure to Pay Statutory Fees.**

15. The statutory fee due and owing pursuant to 28 U.S.C. § 1930(a)(6) for the first quarter of 2020 was due on April 30, 2020.  *See* Ardelean Certification at ¶ 5.  The estimate of the statutory fee is $325 as the Debtor has not filed its February 2020 and March 2020 reports.  *See id.*

16. If the statutory fee is not paid, the case should be dismissed or converted pursuant to 11 U.S.C. § 1112(b)(4)(K).

**C.  Failure to Provide Proof of Continuing Insurance.**

17. Pursuant to 11 U.S.C. § 1112(b)(4)(C), a debtor must maintain appropriate insurance.  *See* 11 U.S.C. § 1112(b)(4)(C).

18. As set forth above, the Debtor has not provided proof of continuing property insurance on certain of the Debtors' properties and vehicles.  *See* Ardelean Certification at ¶ 7. More particularly, the Debtors have failed to provide proof of continuing general liability insurance and auto and on-hook coverage cargo towing insurance concerning 1237-45 W. College Avenue, Philadelphia, PA, property insurance for 1247-59 N. 26th Street, Philadelphia, PA, automobile insurance for 2004 Ford F550 and 2011 Ford F650, and auto dealers insurance for PAL Auto.  *See id.*

19. As a result, there is a substantial risk that the value of the Debtors' assets will be diminished or lost if an accident occurs and there is no insurance to cover the damages.

20. Failure to maintain appropriate insurance that poses a risk to the estate or to the public is cause to dismiss or convert pursuant to 11 U.S.C. § 1112(b)(4)(C).

WHEREFORE, for the foregoing reasons, the U.S. Trustee respectfully requests that this Court enter an order either converting the case to chapter 7 or dismissing the case, whichever the Court finds to be in the best interests of creditors and the bankruptcy estate, and that this Court grant such other and further relief as is deemed just and equitable.

                                            Respectfully submitted,

                                            ANDREW R. VARA
                                            UNITED STATES TRUSTEE
                                            REGIONS 3 & 9

                                            By: _/s/ Jeffrey M. Sponder_
                                                      Jeffrey M. Sponder
DATED: June 3, 2020                           Trial Attorney